**FILED**
**May 24, 2019**
**08:53 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| RICK O. MUNCY,<br>　　　　Employee, | ) | Docket No. 2017-03-0447 |
| v. | ) | |
| PREMIUM DISTRIBUTORS, INC.,<br>　　　　Employer, | ) | State File No. 54717-2016 |
| And | ) | |
| FFVA MUTUAL INSURANCE<br>COMPANY,<br>　　　　Carrier. | ) | Judge Lisa A. Lowe |

## EXPEDITED HEARING ORDER DENYING BENEFITS
### Decision on the Record

This matter came before the Court on Mr. Muncy's Request for Expedited Hearing seeking a decision on the record as to temporary partial disability (TPD) benefits. Premium Distributors objected and asked for an in-person hearing. Based on the limited TPD issue and Premium Distributors' failure to identify a need for live testimony, the Court overruled the objection and allowed the parties until May 14, 2019, to submit documentation for the Court's consideration.

The central legal issue is whether Mr. Muncy is likely to prevail at a hearing on the merits on entitlement to temporary partial disability benefits from January 8, 2019, to the present. For the reasons below, the Court holds he is not.

### History of Claim

Mr. Muncy delivered ice cream for Premium Distributors. On July 14, 2016, he began experiencing bilateral elbow and low back pain while unloading ice cream. Mr. Muncy selected Dr. Gerald Russell as his authorized treating provider. Dr. Russell provided conservative treatment and referred Mr. Muncy to Dr. Robert Ivy for treatment of his elbow. Following an earlier Expedited Hearing about Mr. Muncy's back condition, the Court ordered Premium Distributors to provide Mr. Muncy with a return visit to Dr.

1

Russell to evaluate and treat any work-related back injury.[1]

Mr. Muncy returned to see Dr. Russell, who ordered a MRI, placed restrictions of no bending and no lifting more than twenty pounds on January 8, 2019, and referred Mr. Muncy to an orthopedic surgeon.

Mr. Muncy seeks temporary partial benefits from January 8 to the present. Premium Distributors argued Mr. Muncy is not entitled to TPD benefits because Dr. Russell never related the treatment and restrictions to the work injury. It also stated that an award of TPD benefits is premature since an orthopedic surgeon, who can address the causation issue, has not evaluated Mr. Muncy.

## Findings of Fact and Conclusions of Law

Mr. Muncy need not prove every element of his claim by a preponderance of the evidence to obtain relief. Instead, he must present sufficient evidence to prove he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

As the name implies, an injured worker is entitled to TPD benefits, a category of vocational disability distinct from temporary total disability (TTD), when the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2). Specifically, while TTD refers to the employee's condition while completely unable to work because of the injury until the worker recovers as far as the nature of the injury permits, "[TPD] refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Frye v. Vincent Printing Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *15-16 (Aug. 2, 2016.)

Here, the issue is Mr. Muncy's entitlement to TPD benefits since Dr. Russell placed restrictions. In the previous Expedited Hearing Order, the Court found that Mr. Muncy was entitled to a return appointment with Dr. Russell to determine whether his back symptoms related to the work injury. The Court finds that Dr. Russell initiated conservative treatment and referred Mr. Muncy to an orthopedic surgeon but never addressed whether Mr. Muncy's current complaints were caused by the work injury. Without a causation opinion from Dr. Russell or the orthopedic surgeon, the Court is unable to find that Mr. Muncy's restrictions and thus resultant TPD claim relate to the work injury.

Therefore, the Court concludes Mr. Muncy failed to come forward with sufficient evidence that he is likely to prevail at a hearing on entitlement to TPD benefits.

---

[1] Premium Distributors appealed the decision and the Appeals Board affirmed the trial court's decision.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Muncy's claim against Premium Distributors for TPD benefits is denied at this time.

2. This matter is set for a Status Conference on **July 26, 2019,** at **2:00 p.m. Eastern Time**. The parties must call (toll-free) (855) 383-0003 to participate in the Status Conference. Failure to appear by telephone may result in a determination of the issues without the parties' further participation.

**ENTERED May 24, 2019.**

_Lisa A. Lowe_

**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

### APPENDIX

**Exhibits:**

1. Petition for Benefit Determination
2. Physical Work Performance Evaluation of ErgoScience, dated July 30, 2016
3. Dispute Certification Notice
4. Request for Expedited Hearing
5. Affidavit of Rick O. Muncy
6. Mr. Muncy's Report of Injury Form
7. Medical Reports of Dr. Gerald Russell
8. Employee's Choice of Physicians, Form C-42
9. Mr. Muncy's Brief in Support of Request for Expedited Hearing
10. Premium Distributor's Response in Opposition
11. Medical Questionnaire of Dr. Gerald Russell, dated June 4, 2018
12. Premium Distributer's Pre-Hearing Brief
13. Expedited Hearing Order Granting Medical Benefits, issued August 27, 2018
14. Second Request for Expedited Hearing, filed on March 25, 2019
15. Second Affidavit of Rick Muncy
16. Premium Distributor's Response in Opposition to Second Request
17. Mr. Muncy's Supplemental Submission in Support of Request
18. Order Overruling Objection to On-The-Record Determination
19. Docketing Notice for On-The-Record Determination

## CERTIFICATE OF SERVICE

I certify that a correct copy of the Expedited Hearing Order was sent to the persons below as indicated on May 24, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Ameesh Kherani, Employee's Attorney | | | X | akherani@davidhdunaway.com |
| Tiffany B. Sherrill, Employer's Attorney | | | X | tbsherrill@mijs.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

4



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]     _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing $ _____ per month |
| Gas | $ _____ per month | Child Care $ _____ per month |
| Transportation | $ _____ per month | Child Support $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

Amount Owed        To Whom

_____        _____

_____        _____

_____        _____

_____        _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____